J-S66035-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RALPH PARK HAIGHT, IV, | |
| Appellant | No. 458 WDA 2017 |

Appeal from the Judgment of Sentence March 9, 2017
in the Court of Common Pleas of Warren County
Criminal Division at No.: CP-62-SA-0000003-2017

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: FILED DECEMBER 29, 2017

Appellant, Ralph Park Haight, IV, appeals from the judgment of sentence imposed following his bench trial conviction of the offense of harassment. Appellant argues that because the victim recanted at trial the accusations she had made twice before, the evidence of the Commonwealth was insufficient to convict him. We affirm.

We derive the facts of the case from the trial court opinion and our independent review of the certified record. (See Trial Court Opinion, 4/06/17; see also N.T. Trial, 3/09/17).

_____

[*] Retired Senior Judge assigned to the Superior Court.

On November 19, 2016, the victim, Ashley Streit, Appellant's sometime paramour,[1] awoke to find Appellant intoxicated. Ms. Streit was annoyed because Appellant was supposed to baby-sit their infant child later when she went to work. She began to arrange for a neighbor (coincidentally another ex-lover of Appellant and the mother of two more of his children), to care for the infant instead.

Appellant got angry and refused to let Ms. Streit leave. He snatched away the baby car seat she was carrying to transport the child. The two began a tug of war for the car seat. Ms. Streit grabbed at Appellant's leg, tearing his pants. He hit her. She received one or more blows to the head from this struggle. Ms. Streit dialed 9-1-1. Pennsylvania State Police Trooper Russell R. Herrick, a twenty-three year veteran of the force, responded. Ms. Streit told the trooper that Appellant was intoxicated and that he had struck her in the face. Trooper Herrick also observed signs of Appellant's intoxication and red marks on the victim's face. Appellant told him that he had been drinking all night, but claimed that Ms. Streit was under the influence of drugs.

A magisterial district judge found Appellant guilty of harassment, and, in a trial de novo, so did a judge of the court of common pleas. The trial court

_____

[1] At trial, both parties denied they were still romantically involved. However, they continued to live together, along with their child, and two of Appellant's children from a prior relationship.

sentenced Appellant to a term of not less than thirty nor more than ninety days' imprisonment. This timely appeal followed.[2]

Appellant raises one question for our review on appeal:

> I. Due to the testimony presented at the de novo hearing and the recantation of the allegations made by Ashley Streit, was the evidence insufficient to find [Appellant] guilty of harassment beyond a [reasonable] doubt?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

"Because evidentiary sufficiency is a question of law, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Diamond, 83 A.3d 119, 126 (Pa. 2013), cert. denied, 135 S. Ct. 145 (2014) (citation omitted). Additionally,

> Our standard of review for a challenge to sufficiency is well-settled.
>
> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be

---

[2] Appellant filed a statement of errors, and the trial court filed an opinion, in compliance with Pennsylvania Rule of Appellate Procedure 1925.

- 3 -

considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

Commonwealth v. Slocum, 86 A.3d 272, 275–76 (Pa. Super. 2014)

(citations omitted).

Our Crimes Code defines the offense of harassment, in pertinent part,

as follows:

(a) Offense defined.—A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

18 Pa.C.S.A. § 2709(a)(1).

Appellant's principal argument in this appeal is that the evidence against

him was insufficient because Ms. Streit recanted her previous accusations at

the trial de novo.[3] (See Appellant's Brief, at 11-13). We disagree.

_____

[3] Appellant also asserts, but fails to develop, an argument that the red mark above Ms. Streit's eye was more consistent with her later version of the

Our Supreme Court has held that prior inconsistent statements "must . . . be considered by a reviewing court in the same manner as any other type of validly admitted evidence when determining if sufficient evidence exists to sustain a criminal conviction." Commonwealth v. Brown, 52 A.3d 1139, 1171 (Pa. 2012).

Furthermore, our Supreme Court has explained that a statement does not become insufficient due to recantation alone. See Commonwealth v. Hanible, 836 A.2d 36, 39–40 (Pa. 2003), cert. denied, 543 U.S. 835 (2004). On review of the claim of insufficiency, we evaluate the entire record, and consider all evidence actually received. See Slocum, supra at 275-76.

Therefore, here, the fact that Ms. Streit recanted a statement she had previously made to the state trooper (and repeated under oath to the magisterial district judge), certainly does not render the evidence insufficient to support Appellant's conviction. Instead, the trial court, sitting as finder of fact, was free to evaluate the victim's prior testimony and credibility, and was free to believe all, part, or none of the evidence. See id. It is not the function of this Court to reweigh the evidence or substitute its judgment for that of the trial court sitting as fact-finder. See id.

---

struggle (after she recanted). (See Appellant's Brief, at 8). However, Appellant fails to develop an argument in support of this claim, and it is, accordingly, waived. (See id. at 11-13). Moreover, for an insufficiency claim we view the evidence in the light most favorable to the Commonwealth as the verdict-winner. See Slocum, supra at 275.

In addition, it bears emphasis that it was the province of the trial court, sitting as finder of fact, to assess credibility. See Brown, supra at 1169 (emphasizing that "it is the finder-of-fact's ability to make in-person observations of the witness at the time of trial, as he or she explains the reasons for the prior statement, which is most crucial to its assessment of the witness's credibility[.]"). Applying this standard of review and controlling authority, we have no difficulty or hesitation in concluding that the evidence of record was more than sufficient to support the trial court's conviction of Appellant for harassment. Appellant's claim does not merit relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2017